```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
    _____

      MICHAEL CASTRO,                        1:15-cv-02041-NLH-JS

                  Plaintiff,                 **MEMORANDUM
                                             OPINION & ORDER**
           v.

      ATLANTIC COUNTY, ATLANTIC
      COUNTY PROSECUTORS OFFICE,
      STATE OF NEW JERSEY, MULLICA
      TOWNSHIP, et al.,

                  Defendants.
    _____
```

**APPEARANCES**:

DOUGLAS L. CODY
CODY & CODY, ESQS.
653 WHITE HORSE PIKE
HAMMONTON, NJ 08037

MARTIN P. DUFFEY
COZEN AND O'CONNOR
LIBERTY VIEW BLDG.
457 HADDONFIELD RD
SUITE 300
CHERRY HILL, NJ 08002
     *On behalf of Plaintiff*

JAMES T. DUGAN
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 ATLANTIC AVENUE
8TH FLOOR
ATLANTIC CITY, NJ 08401
     *On behalf of Atlantic County Defendants*

ROBERT J. MCGUIRE
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625
     *On behalf of State of New Jersey Defendants*

THOMAS B. REYNOLDS
REYNOLDS & HORN, P.C.
750 ROUTE 73 SOUTH
SUITE 202A
MARLTON, NJ 08053
    *On behalf of Mullica Township Defendants*


**HILLMAN, District Judge**

    WHEREAS, this matter concerns constitutional and state law claims by Plaintiff arising out of his arrests and grand jury indictments for murder and other charges, all of which were ultimately dismissed; and

    WHEREAS, in resolving the State of New Jersey and Atlantic County Defendants' motions to dismiss, this Court dismissed all of Plaintiff's claims against those Defendants,[1] except for:

- Plaintiff's constitutional claims against the Atlantic County Prosecutor's Office ("ACPO") Investigator Defendants Mattioli, Dooley, and DeShields in their individual capacities; and

- Plaintiff's state law claims against the State of New Jersey and the ACPO Investigator Defendants Mattioli, Dooley, and DeShields (Docket No. 100 at 24, 29); and

    WHEREAS, in finding that Plaintiff's state law claims could

---

[1] Some of Plaintiff's claims were dismissed with prejudice, while others were dismissed without prejudice. (Docket No. 100 at 34.)

2

proceed against the State and the ACPO Investigator Defendants, the Court noted, "Under New Jersey law, when county prosecutors and their subordinates perform law enforcement and prosecutorial functions, 'they act as agents of the State,' and the State must indemnify a judgment arising from their conduct," Watkins v. City of Newark Police Department, 2018 WL 1306267, at *3 (D.N.J. 2018) (citing Hyatt v. Cty. of Passaic, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting Wright v. State, 778 A.2d 443, 461–62, 464 (N.J. 2001)); and

WHEREAS, the Court further noted that in contrast, "counties are liable for a county prosecutor's administrative tasks unrelated to their strictly prosecutorial functions, such as personnel decisions," id. (citing Hyatt, 340 F. App'x at 836) (quoting Coleman v. Kaye, 87 F.3d 1491, 1499 (3d Cir. 1996)); and

WHEREAS, the ACPO is therefore considered to be "the State," and must be defended and indemnified by the State, for its law enforcement and prosecutorial functions, but the ACPO is considered to be "the County" for its administrative functions, for which Atlantic County is responsible;[2] and

---

[2] The Court found that Plaintiff's state law claims against Atlantic County for the ACPO's administrative decisions were insufficiently pleaded and were dismissed without prejudice. (Docket No. 100 at 33.)

WHEREAS, the Court did not specifically state whether the finding that Plaintiff's state law claims against the State and the ACPO Investigators for their law enforcement functions could proceed meant that the ACPO remained a defendant in the case;[3] and

WHEREAS, it appears that the parties disagree as to whether the ACPO remains a defendant as to Plaintiff's state law claims[4]

---

[3] The Court dismissed Plaintiff's constitutional claims against the ACPO, as well as the Individual Defendants in their official capacities, because the ACPO, which is considered to be the State, and the Individual Defendants acting in their official capacities, are not considered to be "persons" who can be sued under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c). (Docket No. 100 at 13.)

[4] If the ACPO is considered to be "the State" for its investigators' law enforcement functions, and therefore the State is obligated to defend and indemnify the ACPO investigators, the Court queries whether the ACPO is considered to be one-in-the-same as the State, similar to a municipality and its police department, see, e.g., GJJM Enterprises, LLC v. City of Atlantic City, 293 F. Supp. 3d 509, 516 (D.N.J. 2017) (explaining that police departments cannot be sued in conjunction with municipalities because police departments are administrative arms of municipalities, not separate entities) (citing Adams v. City of Camden, 461 F. Supp. 2d 263, 266 (D.N.J. 2006); Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997) (holding police department and municipality same for § 1983); N.J. Stat. Ann. § 40A:14-118 (municipal police department is "an executive and enforcement function of municipal government")), or whether the ACPO is considered to be an indemnitee where the State steps into the ACPO's shoes, similar to the insurance subrogation context, see, e.g., Liberty Intern. Underwriters Canada v. Scottsdale Ins. Co., 955 F. Supp. 2d 317, 326 (D.N.J. 2013) (citations omitted) ("The right to stand in the insured's shoes and to collect from the tortfeasor once it has paid the insured an amount representing the tortfeasor's debt is called the insurer's right to subrogation. It most often comes into play in cases in which an insurer who

(Docket No. 103);

THEREFORE,

IT IS on this __2nd__ day of __November__, 2018

ORDERED that within 21 days of the date of this Order, the parties shall each file no more than a five-page single-spaced letter on the docket explaining, with citation to legal authority, their position on to whether the Atlantic County Prosecutor's Office remains a defendant in this case.

                                                           s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

has indemnified an insured for damage or loss is subrogated to any rights that the insured may have against a third party, who is also liable for the damage or loss. Upon paying a claim to the insured, an insurer may step into the shoes of its insured and obtain reimbursement from a tortfeasor responsible for the loss. The insurer, however, is limited to the rights available to the insured, and is likewise subject to all defenses that could have been asserted directly against the insured."). The Court leaves it to the parties to articulate their view as to the status of the ACPO as a result of the Court's Opinion.

5