UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL CASTRO,   1:15-cv-02041-NLH-JS

        Plaintiff,   **MEMORANDUM OPINION & ORDER**

  v.

ATLANTIC COUNTY, ATLANTIC
COUNTY PROSECUTORS OFFICE,
STATE OF NEW JERSEY, MULLICA
TOWNSHIP, et al.,

        Defendants.

**APPEARANCES**:

DOUGLAS L. CODY
CODY & CODY, ESQS.
653 WHITE HORSE PIKE
HAMMONTON, NJ 08037

MARTIN P. DUFFEY
COZEN AND O'CONNOR
LIBERTY VIEW BLDG.
457 HADDONFIELD RD
SUITE 300
CHERRY HILL, NJ 08002

    *On behalf of Plaintiff*

JAMES T. DUGAN
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 ATLANTIC AVENUE
8TH FLOOR
ATLANTIC CITY, NJ 08401

    *On behalf of Atlantic County Defendants*

ROBERT J. MCGUIRE
STEPHEN RALPH TUCKER
BRETT JOSEPH HAROLDSON
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET

P.O. BOX 116
TRENTON, NJ 08625

   *On behalf of State of New Jersey Defendants*

THOMAS B. REYNOLDS
REYNOLDS & HORN, P.C.
750 ROUTE 73 SOUTH
SUITE 202A
MARLTON, NJ 08053

   *On behalf of Mullica Township Defendants*

**HILLMAN, District Judge**

   WHEREAS, this matter concerns constitutional and state law claims by Plaintiff arising out of his arrests and grand jury indictments for murder and other charges, all of which were ultimately dismissed; and

   WHEREAS, on December 2, 2019, the Mullica Township Defendants and the State of New Jersey Defendants filed motions for summary judgment [157, 159]; and

   WHEREAS, on December 4, 2019, the Magistrate Judge granted Plaintiff's motion for leave to file an amended complaint [161], and on December 9, 2019, Plaintiff filed his third amended complaint [162]; and

   WHEREAS, on December 10, 2019, Defendant Joseph Rauch, a detective for the Atlantic County Prosecutors Office, who had been dismissed as a defendant on September 11, 2017 pursuant to Plaintiff's second amended complaint [64], filed his answer [163] to the third amended complaint, which renamed him as a

2

defendant; and

    WHEREAS, on June 2, 2020, Rauch filed a motion for summary judgment as to Plaintiff's claims against him in Plaintiff's third amended complaint [183], which motion is currently pending; but

    WHEREAS, the motions for summary judgment by the Mullica Hill Defendants and the other State of New Jersey Defendants relating to Plaintiff's claims against them advanced in Plaintiff's second amended complaint are still pending, but these defendants have not filed any response to Plaintiff's third amended complaint; and

    WHEREAS, it appears that the filing of Plaintiff's third amended complaint moots the Mullica Hill and State of New Jersey Defendants' motions relative to the second amended complaint, see Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit."); but

    WHEREAS, the Court recognizes that the substance of the Mullica Hill and State of New Jersey Defendants' motions may not have changed substantively as a result of Plaintiff's third amended complaint[1];

---

[1] The Court has not independently compared the 229-page third amended complaint with the 219-page second amended complaint,

THEREFORE,

IT IS on this   21st   day of   July   , 2020

ORDERED that the Motions for Summary Judgment by the Mullica Hill Defendants [157] and the State of New Jersey Defendants [159] concerning Plaintiff's claims in his second amended complaint be, and the same hereby are, DENIED AS MOOT; and it is further

ORDERED that, within 15 days, these Defendants may (1) file their answers to Plaintiff's third amended complaint, or (2) file a letter on the docket stating that they seek summary judgment in their favor on the claims against them in Plaintiff's third amended complaint, and that they rely upon their prior submissions, and if Defendants choose this option, Defendants shall indicate whether and how any claims in Plaintiff's third amended complaint affect their requests for relief, or (3) file new motions for summary judgment relating to Plaintiff's third amended complaint[2]; and it is finally

---

but it appears from the Court's review of Plaintiff's motion for leave to file a third amended complaint, which motion was considered by and granted by the Magistrate Judge, the main difference between the two complaints is the renaming of Rauch as a defendant.  The Court leaves it to the parties to indicate whether Rauch's addition as a defendant, or any other change in the third amended complaint, affects their arguments presented in their summary judgment motions.

[2] The Court recognizes that a party may file a motion for summary judgment in response to a complaint rather than file an answer. See Fed. R. Civ. P. 56(b) ("Unless a different time is set by

4

ORDERED that after Defendants have complied with the Court's Order, Plaintiff shall respond similarly with regard to his oppositions to Defendants' summary judgment motions.[3]

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). The Court leaves it to Defendants' discretion on how they wish to proceed, including the option of not seeking summary judgment at this time. It does not appear that Defendant Atlantic County, which is named in the third amended complaint, has filed an answer or otherwise responded to the third amended complaint.

[3] This Order does not impact Defendant Rauch's motion for summary judgment, which has just concluded briefing, as he filed an answer to Plaintiff's third amended complaint and then filed his summary judgment motion relative to the third amended complaint.